RECEIVED
JUL 0 8 2020
Southcentral Foundation
Corp. Quality Assurance

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| Colin Graham Meglitsch,<br><br>    Plaintiff,<br><br>v.<br><br>Southcentral Foundation,<br><br>    Defendant. | Case No. 3AN-20-         CI |

## COMPLAINT

COMES NOW, Colin Graham Meglitsch, the plaintiff above named, by and through his attorney, Isaac Derek Zorea, and complains as follows:

### I. JURISDICTION

1.1. At all relevant times, plaintiff, Colin Graham Meglitsch, was employed by an employer with a corporate headquarter within the Third Judicial District, State of Alaska.

1.2. At all relevant times, defendant, Southcentral Foundation, has maintained significant business connections within the Third Judicial District, State of Alaska.

1.3. Venue properly rests within the Third Judicial District, State of Alaska.

Complaint: *Meglitsch v. Southcentral Foundation.* — 1 of 5 —

## II. FACTS

2.1. For over ten years, plaintiff Colin Graham Meglitsch has been employed by Southcentral Foundation, working as a Community Health Practitioner at Takotna Clinic, located within the small village of Takotna, with a population of under 100 residents. He resided in housing provided by his employer.

2.2. Mr. Meglitsch consistently worked a forty hour work week at the Takotna Clinic, earning an hourly wage, between $30.71 and $31.75. He was classified as non-exempt, under the Fair Labor Standards Act.

2.3. In addition to his normal, on-site, duties, Southcentral Foundation, required Mr. Meglitsch to assume duties that it termed as "on-call" duties. These "on-call" duties consisted of Mr. Meglitsch answering any after-hours calls directed to Takotna Clinic. These after-hours emergency calls were directed to a phone number accessible at only two land line phones, one located in the Takotna Clinic, and the other located in Mr. Meglitsch's employer provided residence.

2.4. As compensation for those hours that Colin Graham Meglitsch worked "on-call" hours, Southcentral Foundation paid him $4.00 per hour during the time that he had responsibility for the after-hours emergency phone, except he was paid one and a half his regular rate of pay for hours when he actually needed to make an emergency response to a call to the after-hours emergency number.

2.5. Concerning his on-call duties, Mr. Meglitsch was required to respond to every incoming call immediately, without delay. While the amount of incoming calls to the Takotna emergency call line was infrequent, it caused extreme stress to Mr. Meglitsch during the time that he has had that responsibility. Mr. Meglitsch informed his supervisors at Southcentral Foundation of the extreme stress caused by having the responsibilities of waiting for incoming calls and never being permitted to be off-duty during the entirety of his employment, unless he used personal leave.

Complaint: *Meglitsch v. Southcentral Foundation.* — 2 of 5 —

2.6. Mr. Meglitsch was compelled, as part of his job duties for Southcentral Foundation, to stay within hearing range of the land line emergency phone, located at his home or at the Takotna Clinic. Since 2012, Mr. Meglitsch was the sole Southcentral Foundation employee authorized to answer the emergency phone line, although prior to 2012 he had another employee working with him. As such, since 2012 he had no ability to trade his on-call responsibilities with any other Southcentral Foundation employee, although he requested his employer hire another co-worker.

2.7. Mr. Meglitsch asked Southcentral Foundation to provide him with a satellite phone, which would have provided him with greater mobility during his on-call shift. However, Southcentral Foundation never provided Mr. Meglitsch with a satellite phone, which would have reduced his geographic restrictions.

2.8. During the time that Mr. Meglitsch worked at Southcentral Foundation, he was unable to engage in any personal activities outside of his home, during the time that he was scheduled for on-call duties.

2.9. During the last three years of his employment with Southcentral Foundation, Mr. Meglitsch worked over 15,000 hours of on-call responsibilities, for which he only received $4.00 an hour, rather than one and one half his normal rate of pay, as is required under Federal Wage and Hour law.

2.10. By compelling Mr. Meglitsch to accept the "on-call" shift, and thereby providing a service to Southcentral Foundation, for which it received a direct financial benefit, Southcentral Foundation knowingly accepted compensable hours worked by Mr. Meglitsch without paying him for overtime hours he worked.

### CAUSES OF ACTION

A. **VIOLATION OF FAIR LABOR STANDARDS ACT OF 1938, AS AMENDED (29 U.S.C. § 201 ET SEQ.).**

3.1. Colin Graham Meglitsch incorporates all the facts and allegations within the paragraphs listed above, 2.1 through 2.10.

3.2. Plaintiff Colin Graham Meglitsch alleges that he worked overtime hours for his employer Defendant Southcentral Foundation, by working on-call shifts, which covered the hours that he was not at the Takotna Clinic, without receiving a payment of one and one half times his normal rate of pay.

3.3. Plaintiff Colin Graham Meglitsch further alleges that the work he performed for Southcentral Foundation, required that he wait in readiness during his on-call shifts, for any incoming emergency calls.

3.4. Given the nature of the job duties that Southcentral Foundation required Colin Graham Meglitsch to perform, it is alleged that he should have been fully paid at a rate of one and one half his regular rate of pay for all hours he spent "on-call" for his employer's behalf.

3.5. Plaintiff Colin Graham Meglitsch alleges that Southcentral Foundation's decision to pay him a rate of only $4.00 for the hours he had direct responsibility to answer its "on call" phone illustrates that his employer deliberately neglected payment of his overtime compensation, thereby making it appropriate that the statute of limitations on this suit be expanded, pursuant to 29 U.S.C. § 255, to three years.

3.6. Plaintiff Colin Graham Meglitsch alleges that during that last three years he worked over 15,000 hours, for which Southcentral Foundation, deliberately refused to pay him overtime payments of one and one half his regular rate of pay. Demand is now made of the overtime pay for these hours worked.

3.7. Further, Plaintiff Colin Graham Meglitsch alleges that given the fact that Southcentral Foundation ought to have known that it needed to pay him overtime compensation for the hours that he spent having responsibility for its "on-call" phone, it is appropriate that he be awarded liquidated damages on the full amount of his unpaid overtime hours.

Complaint: *Meglitsch v. Southcentral Foundation.* — 4 of 5 —

Case 3:20-cv-00190-JWS   Document 1-1   Filed 08/05/20   Page 4 of 5 Exhibit A Page 4 of 5

3.8. For Southcentral Foundation's violations of the Fair Labor Standards Act, Colin Graham Meglitsch seeks all damages available under law, including actual attorney fees and prejudgment interest, and liquidated damages.

### PRAYER OF RELIEF

WHEREFORE, Plaintiff, Colin Graham Meglitsch, requests judgment against defendant Southcentral Foundation, as follows:

1. Full and complete payment of all unpaid overtime compensation Southcentral Foundation, owes to Colin Graham Meglitsch for the hours he worked "on-call" shifts for his employer, which is an amount in excess of $600,000.

2. Payment by Southcentral Foundation, to Colin Graham Meglitsch of all penalties permitted against it as Mr. Harvey's employer, specifically pursuant to 29 U.S.C. § 216(b), including liquidated damages in excess of $600,000, as permitted under Federal law.

3. Actual reasonable attorney fees, pursuant to the Federal Fair Labor Standards Act, and all permitted prejudgment interests on the unpaid wages.

4. Plaintiff Colin Graham Meglitsch further seeks such other relief as the court may deem just and proper based on the egregious nature of defendants' conduct.

Dated: June 1, 2020

*(signature)*

Isaac D. Zorea
ABA No. 0011090
Counsel for Colin Graham Meglitsch

Complaint: *Meglitsch v. Southcentral Foundation.* — 5 of 5 —