Danielle M. Ryman
DRyman@perkinscoie.com
PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
Telephone: 907.279.8561
Facsimile: 907.276.3108

Attorney for Defendant
SOUTHCENTRAL FOUNDATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| COLIN GRAHAM MEGLITSCH,<br><br>   Plaintiff,<br><br> v.<br><br>SOUTHCENTRAL FOUNDATION,<br><br>   Defendant. | Case No. 3:20-cv-00190-JWS |

## ANSWER TO COMPLAINT

Defendant Southcentral Foundation ("SCF"), by and through its attorneys, Perkins Coie LLP, hereby answers Plaintiff Colin Graham Meglitsch's Complaint. Plaintiff reserves the right to amend this Answer based on information made available through discovery or further investigation.

## **JURISDICTION**

1.1. Defendant admits the allegations in this paragraph.

1.2. Defendant admits the allegation in this paragraph.

1.3. This allegation contains a conclusion of law for which no answer is required. To the extent an answer is required, Defendant denies the same.

## **FACTS**

2.1. Defendant admits that Plaintiff was employed by Southcentral Foundation. All other allegations are denied.

2.2. Defendant denies the allegations in this paragraph.

2.3. Defendant denies the allegations in this paragraph.

2.4. Defendant denies the allegations in this paragraph.

2.5. Defendant denies the allegations in this paragraph.

2.6. Defendant denies the allegations in this paragraph.

2.7. Defendant denies the allegations in this paragraph.

2.8. Defendant denies the allegations in this paragraph.

2.9. Defendant denies the allegations in this paragraph.

2.10. Defendant denies the allegations in this paragraph.

## **CAUSES OF ACTION**
### **Violation of Fair Labor Standards Act of 1938, as amended (29 U.S.C. §201 et seq.).**

3.1. Defendant incorporates its answers to paragraph 2.1 through 2.10.

3.2. Defendant denies the allegations in this paragraph.

3.3. Defendant denies the allegations in this paragraph.

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

3.4. Defendant denies the allegations in this paragraph.

3.5. Defendant denies the allegations in this paragraph.

3.6. Defendant denies the allegations in this paragraph.

3.7. Defendant denies the allegations in this paragraph.

3.8. Defendant denies the allegations in this paragraph.

## **AFFIRMATIVE DEFENSES**

SCF asserts the following affirmative defenses and reserves the right to assert all other and further affirmative defenses, at law or in equity, that now exist or in the future may be available based on discovery and further factual investigation in this case.

1. Plaintiff's claims are barred, in whole or in part, because Plaintiff unreasonably failed to take advantage of available preventative or corrective opportunities to avoid harm.

2. Plaintiff's claims are barred, in whole or in part, because the Fair Labor Standards Act does not apply to tribal organizations.

3. If the injuries and/or damages alleged in the Complaint occurred, such injuries were proximately caused by and/or were contributed to by Plaintiff's own acts or failures to act.

4. All, or at least a portion, of the claims possibly asserted in this action are barred by the applicable statute of limitations.

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

5. If Plaintiff has suffered any damage as a result of the facts alleged in the Complaint, which Defendants deny, Plaintiff is not entitled to recover the amount of damages alleged, or any damages, due to his failure to make reasonable efforts to mitigate or minimize the damages incurred.

6. Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands, estoppel, waiver, and laches.

7. Plaintiff's claim for liquidated damages is barred in whole or in part because Defendant's acts or omissions, if any, were in good faith and Defendant had reasonable grounds for believing that its acts or omissions, if any, were not a violation of applicable law.

8. Plaintiff's claims may be barred, in whole or in part, by the doctrine of res judicata and/or collateral estoppel, including, but not limited to, the doctrines of issue preclusion and claim preclusion.

9. Plaintiff's claims are barred, in whole or in part, because Defendant's conduct as alleged in the Complaint was not knowing, willful, or intentional.

10. Defendant currently does not have sufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available. To the extent not set forth herein, Defendant reserves the right to assert

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

additional defenses that become available or apparent during discovery and to amend their Answer accordingly.

DATED: August 12, 2020.

**PERKINS COIE LLP**

s/Danielle M. Ryman
Danielle M. Ryman, Alaska Bar No. 9911071
DRyman@perkinscoie.com
PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
Telephone: 907.279.8561
Facsimile: 907.276.3108

Attorneys for Defendant
SOUTHCENTRAL FOUNDATION

**CERTIFICATE OF SERVICE**

I hereby certify that on August 12, 2020 I filed a true and correct copy of the foregoing document with the Clerk of the Court for the United States District Court – District of Alaska by using the CM/ECF system. Participants in Case No. 3:20-cv-00190-JWS who are registered CM/ECF users will be served by the CM/ECF system.

s/ Danielle M. Ryman

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

ANSWER TO COMPLAINT
*Meglitsch v. SCF*
Case No. 3:20-cv-00190-JWS

-5-

149177530.2

Case 3:20-cv-00190-JWS   Document 4   Filed 08/12/20   Page 5 of 5